# IN THE COURT OF APPEALS OF IOWA

No. 15-0858
Filed May 25, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MICHAEL AARON DUTCHER,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, James D. Scott, Judge.

The defendant appeals his conviction for ongoing criminal conduct. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer and Joseph A. Fraioli (until withdrawal), Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Katherine M. Krickbaum (until her withdrawal), Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ. Scott, S.J., takes no part.

**POTTERFIELD, Judge.**

Michael Dutcher appeals his conviction for ongoing criminal conduct.[1] Dutcher maintains there was not sufficient evidence to support his conviction for ongoing criminal conduct because the "continuing basis" element was not satisfied. In the alternative, he maintains trial counsel was ineffective for failing to challenge the jury instruction that defined "continuing basis."

## I. Background Facts and Proceedings

Dutcher was convicted of two counts of robbery based on robberies that occurred in Sioux City approximately one month apart. The first robbery took place at a Super 8 motel. Dutcher entered the motel at approximately 5:00 a.m. on May 15, 2014, when the only person present was the front desk clerk. He was armed with a gun and threatened to shoot and kill the clerk[2] if he was not quickly given all of the available money. After receiving approximately $960 from the clerk, Dutcher ran out of the hotel. The second robbery took place at another area motel, a Travelodge, on June 14, 2014. Dutcher entered at approximately 6:00 a.m., armed with a butcher knife with a six- or seven-inch blade. He again demanded money and threatened the clerk. On the second occasion, Dutcher received between $300 and $400. Dutcher had recently been a patron at both of the motels; at the time, he had no permanent residence and his only source of income was from selling marijuana. One of Dutcher's girlfriends testified he told

---

[1] As a result of the same trial, Dutcher was also convicted of robbery in the first degree and robbery in the second degree. Dutcher's appeal does not challenge his other convictions, and we do not consider them except as they form the basis for ongoing criminal conduct.

[2] There was testimony that the gun may have been an airsoft gun meant to look like a "real gun."

her "a few times" that he would rather get a gun and rip people off than pick up pop cans for money. Dutcher was arrested shortly after the second robbery.

Following a trial by jury in April 2015, Dutcher was convicted of robbery in the first degree, robbery in the second degree, and ongoing criminal conduct. Dutcher was sentenced to a term of incarceration not to exceed ten years for his conviction for robbery in second degree; a term of incarceration not to exceed twenty-five years for his conviction for robbery in the first degree; and a term of incarceration not to exceed twenty-five years for his conviction for ongoing criminal conduct. The district court ordered the sentences to run concurrently.

Dutcher appeals.

## II. Standard of Review

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Vaughan*, 859 N.W.2d 492, 497 (Iowa 2015). We review all of the evidence presented at trial, and we view it in the light most favorable to the State. *Id.*

A defendant may raise an ineffective-assistance claim on direct appeal if he has reasonable grounds to believe the record is adequate for us to address the claim on direct appeal. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). If we determine the record is adequate, we may decide the claim. *Id.* We review claims for ineffective assistance of counsel de novo. *Id.* This is our standard because such claims have their basis in the Sixth Amendment to the United States Constitution. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

## III. Discussion

### A. Sufficiency of the Evidence

Dutcher does not challenge his convictions for robbery in the first degree and robbery in the second degree. Rather, he maintains the two robberies, approximately one month apart, are insufficient to support a conviction for ongoing criminal conduct because they do not satisfy the element of "continuing basis."[3]

Without objection from Dutcher, the jury was instructed:

> The State must prove all of the following elements of Ongoing Criminal Conduct:
> 1. On or about May 15, 2014 to on or about June 14, 2014, the Defendant committed these two acts:
>    a. Robbery at Super 8 Motel, [address of motel]
>    b. Robbery at Travelodge Motel, [address of motel]
> 2. The Defendant committed the robberies with the specific intent of financial gain; and
> 3. The Defendant committed the robberies on a continuing basis.
> If the State has proved all of these elements, the Defendant is guilty of Ongoing Criminal Conduct. If the State has failed to prove any one of these elements, the defendant is not guilty.

Also without objection, the jury was given the following instruction as a definition or further explanation of "continuing basis":

> Concerning element number 3 of [the instruction above], acts are committed on a continuing basis: if the acts had the same or similar purpose, results, participants, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated events and if they are

---

[3] Iowa Code section 706A.2(4) (2013) provides, "It is unlawful for a person to commit specified unlawful activity as defined in section 706A.1." Iowa Code section 706A.1 defines "specified unlawful activity" as "any act, including any preparatory or completed offense, committed for financial gain on a continuing basis, that is punishable as an indictable offense under the laws of the state in which it occurred and under the laws of this state."

committed under circumstances indicating that the defendant will continue to commit similar offenses.

Here, there was sufficient evidence for a rational factfinder to conclude Dutcher committed the robberies on a continuing basis, as the instructions defined it. *See State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988) ("Failure to timely object to an instruction not only waives the right to assert error on appeal, but also 'the instruction, right or wrong, becomes the law of the case.'" (citation omitted)). Both robberies were committed with similar purpose, results, participants, victims, and methods of commission: in the early morning hours, when the clerk was alone, at motels Dutcher had stayed at and was familiar with. In both instances, Dutcher took a weapon, threatened violence against the clerk, and demanded all of the money—including the money in the deposit bags. He dressed completely in black clothing and used a mask to cover his face so the clerks could not identify him and the surveillance camera recordings could not be used identify him.

Additionally, there was evidence to support a finding that Dutcher would continue committing such robberies. He had stayed at and was familiar with more motels in the area. He did not have a job and did not appear to have any prospect for employment. He told his girlfriend he would rather get a gun and "rip people off" than pick up pop cans. Although he testified that he sold marijuana to earn money, the evidence suggests he was not making enough to meet his needs, as he was sleeping in his car some nights and had to borrow money from a girlfriend for a new tire for his vehicle. Additionally, between the first and second robbery, officers seized Dutcher's face mask in an unrelated traffic stop.

This did not deter Dutcher, as he stole a new face mask[4] the day before the second robbery. There was no evidence presented at trial to suggest Dutcher's circumstances or mindset had changed. Dutcher also kept in his vehicle all the items necessary to repeat the crime of robbery, namely a replica gun, taser, black gloves, sunglasses, mask, black shoes, and dark clothes. The jury was free to believe that the only thing that stopped Dutcher from committing more robberies was being caught. *See United States v. Torres*, 191 F.3d 799, 808 (7th Cir. 1999) ("The only reason their scheme ended was because they were caught. We will not reward them by precluding the government from establishing a[n-ongoing-criminal-conduct] pattern because of the quick success of law enforcement officials.").

Viewing the evidence in the light most favorable to the State, sufficient evidence supports Dutcher's conviction for ongoing criminal conduct as defined by the jury instructions; the district court did not err in denying his motion for judgment of acquittal.

### B. Ineffective Assistance

In the alternative, Dutcher maintains trial counsel was ineffective for failing to object to the jury instruction that defined "continuing basis." He claims the instruction was not an accurate statement of the law because it omitted several pertinent factors that the jury must consider and he was prejudiced because the jury could not find him guilty of ongoing criminal conduct if it had been properly instructed.

---

[4] The parties stipulated at trial that Dutcher had stolen the face mask from a local sporting goods store and had pled guilty to theft in the fifth degree for the action.

To prevail on a claim of ineffective assistance of counsel, Dutcher must prove by a preponderance of the evidence (1) his attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). We measure counsel's performance against an objective standard of reasonableness under prevailing professional norms. *Clay,* 824 N.W.2d at 495. There is a presumption counsel performed their duties competently. *Id.* Prejudice exists where the defendant proves by a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 496. Dutcher's claim fails if either element is lacking. *See Everett v. State,* 789 N.W.2d 151, 159 (Iowa 2010). We prefer to preserve ineffective-assistance claims for development of the record and to allow trial counsel an opportunity to defend against the charge. *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006).

We decline to consider Dutcher's claim on direct appeal. If the jury instruction was a misstatement of the law, the record before us does not provide insight into counsel's reasons for not objecting. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) ("Because 'improvident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily amount to ineffective assistance of counsel,' postconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance." (citation omitted)). We affirm Dutcher's conviction and preserve his claim of ineffective assistance for possible postconviction relief. *See* Iowa Code § 814.7(3); *see also State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

**AFFIRMED.**